Anthony J. Dreyer
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Tel: (212) 735-3000

Scott D. Brown
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
Telephone: (617) 573-4800

*Attorneys for Plaintiff Argus Media Ltd.*


JUDGE BAER

'09 CIV 7966


RECEIVED
SEP 16 2009
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
ARGUS MEDIA LTD.,                   :
                                    :
                    Plaintiff,      :   09 Civ. _____ (___)
                                    :
        - against -                 :   COMPLAINT
                                    :
TRADITION FINANCIAL SERVICES,       :
INC., and TFS ENERGY LLC,           :   DEMAND FOR JURY TRIAL
                                    :
                    Defendants.     :
                                    :
------------------------------------x

Plaintiff Argus Media Ltd. ("Argus Media"), by and through its undersigned counsel, for its Complaint against defendants Tradition Financial Services, Inc. ("Tradition") and TFS Energy LLC ("TFS") (Tradition and TFS collectively "Defendants"), alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

## **NATURE OF ACTION**

1. This is a civil action for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, et seq. (the "Copyright Act"). Argus Media brings this action to recover damages caused by Defendants' unauthorized copying and redistribution of Argus Media's registered copyrighted works.

2. Plaintiff Argus Media's claims against Defendants concern (i) Defendants' unauthorized copying and redistribution within the United States between November 2007 and July 2008 of Argus Media's daily report of coal market prices, news and analysis entitled *Argus Coal Daily International*; and (ii) Defendants' unauthorized copying and redistribution within the United States between November 2007 and April 2009 of Argus Media's daily report of the United States environmental market prices, news and analysis entitled *Argus Air Daily*. By engaging in this activity, Defendants deprived Argus Media of revenue and earned unjust profits for themselves.

3. Plaintiff Argus Media has initiated proceedings in the United Kingdom against Defendants' affiliate Tradition Financial Services Limited alleging, among other things, breaches of the subscription agreement entered into between Tradition Financial Services Limited and Argus Media concerning the *Argus Coal Daily International* newsletter, as well as Tradition Financial Services Limited's infringements of Argus Media's copyrights under UK law. Defendants are not parties to the United Kingdom proceedings, nor has Argus Media alleged in the United Kingdom proceedings that Defendants have infringed Argus Media's copyrights under United States law. Therefore, Argus Media's claims asserted herein concerning the *Argus Coal Daily International* newsletter are not the subject of the United Kingdom proceedings, and therefore are appropriately the subject of this action.

4.     Defendants have initiated arbitration before the American Arbitration Association against Argus Media and its U.S.-based affiliate Argus Media, Inc. ("Argus Media US") alleging, among other things, claims arising under a subscription agreement entered into between Argus Media, Argus Media US and defendant TFS for the *Argus Air Daily* newsletter. Because the subscription agreement expired in September 2008, Argus Media's copyright infringement claims asserted herein concerning the *Argus Air Daily* newsletter (i.e., claims arising from Defendants' unauthorized copying and redistribution within the United States of *Argus Air Daily* newsletters disseminated <u>after</u> termination of the license agreement) are not properly the subject of the arbitration proceeding, and therefore are appropriately the subject of this action.

5.     By this action, Argus Media seeks all remedies afforded by the Copyright Act, including statutory damages, or actual damages and Defendants' profits, and an award of Argus Media's costs, including Argus Media's legal fees. Because the infringements at issue in this action were willful and could include over 300 timely registered works, because a jury has discretion to award statutory damages of up to $150,000 for each willfully infringed registered work, each defendant's potential liability may exceed $45,000,000 dollars.

**JURISDICTION AND VENUE**

6.     This Court has jurisdiction under 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright).

7.     The Court has personal jurisdiction over Tradition because (i) it maintains an office in and conducts continuous, regular and systematic business in New York; and (ii) it transacts significant business within New York. The Court has personal jurisdiction over TFS because (i) it conducts continuous, regular and systematic business in New York; and (ii) it transacts significant business within New York.

3

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the challenged copying occurred in part in this district, and under 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(a) because Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### The Parties

9. Plaintiff Argus Media is a company organized and existing under the laws of the United Kingdom, with its principal place of business located at Argus House, 175 St. John Street, London EC1V 4LW.

10. Argus Media writes, publishes and sells business intelligence reports, market assessments and special studies regarding all aspects of energy, transport and emissions markets. In particular, Argus Media develops, publishes and sells energy price indices and writes, publishes and sells news stories and analytical comment about the energy markets.

11. Defendant Tradition is a corporation organized under the laws of the State of Delaware, with a principal place of business located at 75 Park Place, 4th Floor, New York, New York 10007, and is engaged in the business of brokering financial and non-financial products.

12. Defendant TFS is a limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 680 Washington Boulevard, 5th Floor, Stamford, Connecticut 06901, and is engaged in the business of brokering financial and non-financial products.

### The *Argus Coal Daily International* Newsletter

13. Argus Media is, and at all relevant times has been, the exclusive owner of all copyrights under Title 17 of the United States Code in certain original works of authorship, namely, issues of the *Argus Coal Daily International* newsletter published by Argus Media.

14. Each issue of the *Argus Coal Daily International* newsletter contains original subject matter and is copyrightable under the laws of the United States. Argus Media is the sole owner of copyright in each issue of the *Argus Coal Daily International* newsletter.

15. Since November 2007, it has been the practice of Argus Media to register its copyright in each issue of the *Argus Coal Daily International* newsletter. Copies of Argus Media's registered copyrights for the *Argus Coal Daily International* newsletter dating from November 2007 through July 2008 are attached hereto as Exhibit A.

### The *Argus Air Daily* Newsletter

16. Argus Media is, and at all relevant times has been, the exclusive owner of all copyrights under Title 17 of the United States Code in certain original works of authorship, namely, issues of the *Argus Air Daily* newsletter published by Argus Media.

17. Each issue of the *Argus Air Daily* newsletter contains original subject matter and is copyrightable under the laws of the United States. Argus Media is the sole owner of copyright in each issue of the *Argus Air Daily* newsletter.

18. Since October 2007, it has been the practice of Argus Media to register its copyright in each issue of the *Argus Air Daily* newsletter. Copies of Argus Media's registered copyrights for the *Argus Air Daily* newsletter dating from September 2008 through April 2009 are attached hereto as Exhibit B.

### Defendants' Unauthorized Copying and Redistribution of Argus Media's *Argus Coal Daily International* Newsletter

19. By an agreement dated November 8, 2001 (the "Argus Coal Daily International License Agreement"), Petroleum Argus Limited (predecessor in interest to Argus Media) agreed to send by electronic mail a single copy of the *Argus Coal Daily International* newsletter to Mr. Daniel James, an employee of Tradition's affiliate Tradition Financial Services

Limited. A copy of the Argus Coal Daily International License Agreement is attached hereto as Exhibit C.

20. In accordance with the terms of the Argus Coal Daily International License Agreement, Argus Media supplied one copy of each issue of the *Argus Coal Daily International* newsletter as a PDF attachment to emails sent from Argus Media to Mr. James from November 2001 through February 18, 2009, when Argus Media received instructions from Tradition Financial Services Limited to cease sending the *Argus Coal Daily International* newsletter to Mr. James.

21. Pursuant to 17 U.S.C. § 401, Argus Media placed notices of copyright on all issues of the issues of the *Argus Coal Daily International* newsletter that were provided to Mr. James by Argus Media.

22. Beginning on a date at present unknown to Argus Media and ending on a date at present unknown to Argus Media but believed to be July 14, 2008, Mr. James, in the course of his employment, routinely made and provided unauthorized copies of the *Argus Coal Daily International* newsletter to employees of Defendants within the United States (who in turn made and provided unauthorized copies of the *Argus Coal Daily International* newsletter to other employees of Defendants within the United States), as well as to third parties within the United States. A print out of an electronic mail message sent by Mr. James representing one example of Mr. James's unauthorized copying and distribution of the *Argus Coal Daily International* newsletter is attached hereto as Exhibit D.

23. Since November 1, 2007, at least 130 separate issues of the *Argus Coal Daily International* newsletter were copied and disseminated by Defendants within the United

States, all without authority from Argus Media. Each of these issues are the subject of a timely registered United States Copyright, as described above.

24. Defendants knew of and authorized these infringing activities, benefited from them, supplied the means of copying and distributing, and had the ability to control the infringements.

25. Defendants' systematic infringements of the *Argus Coal Daily International* newsletter were not isolated or aberrational, but were consistent with a pattern of systematic infringement of multiple publications.

### Tradition's Unauthorized Copying and Redistribution of Argus Media's *Argus Air Daily* Newsletter

26. By an agreement dated September 11, 2006 (the "Argus Air Daily License Agreement"), Argus Media US agreed to send by electronic mail a single copy of the *Argus Air Daily* newsletter to Mr. Eric Klein, an employee of TFS. A copy of the Argus Air Daily License Agreement is attached hereto as Exhibit E.

27. In accordance with the terms of the License Agreement, Argus Media supplied one copy of each issue of the *Argus Air Daily* newsletter as a PDF attachment to emails sent from Argus Media to Mr. Klein from September 2006 through the termination of that agreement in September 2008. Thereafter, Argus Media continued to supply one copy of each issue of the *Argus Air Daily* newsletter as a PDF attachment to emails sent from Argus Media to Mr. Klein.

28. Pursuant to 17 U.S.C. § 401, Argus Media placed notices of copyright on all issues of the issues of the *Argus Air Daily* newsletter that were provided to Mr. Klein by Argus Media.

29. Beginning on a date at present unknown to Argus Media, but believed to be at least as early as September 2006, and ending on a date at present unknown to Argus Media but believed to be April 30, 2009, Mr. Klein, in the course of his employment, routinely made and provided unauthorized copies of the *Argus Air Daily* newsletter to employees of Defendants within the United States, who in turn made and provided unauthorized copies of the *Argus Air Daily* newsletter to other employees of Defendants within the United States, as well as to third parties.

30. Since September 12, 2008, at least 70 separate issues of the *Argus Air Daily* newsletter were copied and disseminated by Defendants within the United States, all without authority from Argus Media. Each of these issues are the subject of a timely registered United States Copyright, as described above.

31. Defendants knew of and authorized these infringing activities, benefited from them, supplied the means of copying and distributing, and had the ability to control the infringements.

32. Defendants' systematic infringements of the *Argus Air Daily* newsletter were not isolated or aberrational, but were consistent with a pattern of systematic infringement of multiple publications.

### FIRST CLAIM FOR RELIEF
**Violations of Section 501 of the Copyright Act, 17 U.S.C. § 501**
**(Infringement of Copyright in *Argus Coal Daily International*)**

33. Plaintiff Argus Media hereby repeats and re-alleges the allegations set forth in the preceding paragraphs of this Complaint.

34. Defendants' unauthorized copying and redistribution of the *Argus Coal Daily International* newsletter within the United States infringed Argus Media's registered copyrights therein in violation of 17 U.S.C. § 501, *et seq.*

35. Defendants' infringements of each issue of the *Argus Coal Daily International* newsletter were willful.

36. At any time before final judgment, Argus Media is entitled to elect to receive statutory damages in lieu of actual damages and profits. 17 U.S.C.§ 504(c). As against each defendant, for willful copyright infringement, the jury may award up to $150,000 for each of the infringed copyrighted issues. The precise number of infringed works will be determined during discovery.

37. Argus Media alternatively may choose to recover Defendants' profits attributable to infringement plus Argus Media's actual damages. 17 U.S.C. § 504(a). The Copyright Act provides that "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenues, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Defendants' gross revenues over the period of the infringement are not known at this time, but will be determined during discovery.

### SECOND CLAIM FOR RELIEF
**Violations of Section 501 of the Copyright Act, 17 U.S.C. § 501**
**(Infringement of Copyright in *Argus Air Daily*)**

38. Plaintiff Argus Media hereby repeats and re-alleges the allegations set forth in the preceding paragraphs of this Complaint.

39. Defendants' unauthorized copying and redistribution of the *Argus Air Daily* newsletter within the United States infringed Argus Media's registered copyrights therein in violation of 17 U.S.C. § 501, *et seq.*

40. Defendants' infringements of each issue of the *Argus Air Daily* newsletter was willful.

41. At any time before final judgment, Argus Media is entitled to elect to receive statutory damages in lieu of actual damages and profits. 17 U.S.C.§ 504(c). As against each defendant, for willful copyright infringement, the jury may award up to $150,000 for each of the infringed copyrighted issues. The precise number of infringed works will be determined during discovery.

42. Argus Media alternatively may choose to recover Defendants' profits attributable to infringement plus Argus Media's actual damages. 17 U.S.C. § 504(a). The Copyright Act provides that "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenues, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Defendants' gross revenues over the period of the infringement are not known at this time, but will be determined during discovery.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Argus Media prays for judgment in its favor against Defendants as follows:

A. For a money judgment against Defendants:

(1) For Argus Media's actual damages for infringement, and after an accounting, for profits attributable to the infringement; or

(2) At Argus Media's election prior to the entry of final judgment in this action, and as an alternative to actual damages and profits, an award of statutory damages as permitted by the Copyright Act, for each of Argus Media's timely registered works infringed, including enhanced statutory damages of $150,000 per work for each of these works willfully infringed.

   B. For a permanent injunction against Defendants and each of their respective officers, agents, servants, employees, and those in active concert or participation therewith from in any manner, directly or indirectly, copying or distributing any tangible or electronic copy of any issue of the *Argus Coal Daily International* or *Argus Air Daily* newsletters, or any portion thereof, and from inducing, aiding, causing or materially contributing to any such conduct by anyone else;

   C. For an award of pre-judgment and post-judgment interest;

   D. For Argus Media's cost of this action, including Argus Media's reasonable attorneys' fees incurred in this action; and

   E. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Argus Media demands a trial by jury.

Dated: New York, New York  
   September 16, 2009

Respectfully submitted,

_____  
Anthony J. Dreyer  
Anthony.Dreyer@skadden.com  
SKADDEN, ARPS, SLATE,  
 MEAGHER & FLOM LLP  
Four Times Square  
New York, New York 10036-6522  
Telephone: (212) 735-3000

Scott D. Brown  
Scott.Brown@skadden.com  
SKADDEN, ARPS, SLATE,  
 MEAGHER & FLOM LLP  
One Beacon Street  
Boston, Massachusetts 02108  
Telephone: (617) 573-4800

*Attorneys for Plaintiff*  
*Argus Media Ltd.*